IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NATHANIEL SAILOR, JUANITA
SAILOR, and KARISHA MURRAY,

    Plaintiffs,

vs.                              CASE NO.: 4:07cv249-SPM/WCS

WAFFLE HOUSE, INC.,

    Defendant.

_____/

**ORDER GRANTING MOTION TO WITHDRAW
AND DIRECTING PLAINTIFFS TO SHOW CAUSE**

    This cause comes before the Court on the Motion to Withdraw as Counsel for Plaintiff (doc. 22) filed by Attorney Marie A. Mattox, Attorney James Garrity, and the Marie A. Mattox, P.A. law firm.  Defendant opposes the withdrawal (doc. 27) and requests sanctions in the form of dismissal of this case with prejudice and fees and costs (doc. 28).  In turn, Plaintiffs' attorney seeks attorney fees as sanctions against Defendant's attorneys for making misrepresentations in arguing for sanctions (doc. 30).

**Background**

    Plaintiffs Nathaniel Sailor, Juanita Sailor, and Karisha Murray are suing Defendant Waffle House, Inc. under Chapters 509 and 760, Florida Statutes, and

42, United States Code, Section 1981, for refusing to serve them on the basis of race.  During the discovery process, Defendant sent a set of interrogatories to Plaintiffs.  In verified responses served on September 4, 2007, each Plaintiff denied being previously involved in a civil lawsuit, claim, or administrative proceeding.  Ms. Sailor and Ms. Murray denied having been arrested, charged, or convicted of any criminal offense.

Defendant discovered that these responses were false.  According to Defendant, each Plaintiff has been a party to at numerous civil lawsuits, claims, or proceedings: Ms. Sailor to twenty, Mr. Sailor to nine, and Ms. Murray to five.  Also Ms. Sailor has been arrested, charged, or convicted at least ten times.  Ms. Murray has been arrested, charged, or convicted at least three times.

Upon learning of the false answers, on September 20, 2007, Defendant's attorney sent a letter to Attorneys Mattox and Garrity, who represent Plaintiffs, demanding that Plaintiffs dismiss their claims and advise Defendant's attorney of their intention to do so by September 28, 2007; otherwise Defendant would seek sanctions against Plaintiffs, Plaintiffs' attorneys and the law firm.  In response, Attorney Garrity attorney advised Defendant of his intent to withdraw on September 24, 2007.  On October 4, 2007, Attorney Garrity withdrew the original interrogatory responses.  He oversaw the effort to submit corrected responses, which were served on October 8, 2007.

Defendant contends that sanctions against Attorneys Mattox, Garrity, and

their law firm are warranted because the firm represented Ms. Sailor in a 2002 case, Sailor v. Dolgencorp, Inc., 4:02cv127-SPM, that was dismissed with prejudice because of discovery abuses by Ms. Sailor.  The discovery abuses in the Dolgencorp case included Ms. Sailor misrepresenting her criminal history and falsely claiming, as an excuse for failing to attend her deposition, that her father had died.  Defendant notes that Plaintiffs' law firm was allowed to withdraw from the Dolgencorp case just prior to the dismissal.  Defendant argues that Plaintiffs' attorneys cannot claim ignorance of Ms. Sailor's unscrupulous conduct and that withdrawal should not be allowed in this case.  Defendant contends that Plaintiffs' attorneys and law firm were, or should be held to be, knowing participants in the false interrogatory responses given in this case by Ms. Sailor, as well as by Mr. Sailor and Ms. Murray.

In his response, Attorney Garrity notes that Defendant's threat to seek sanctions against himself and the firm if Plaintiffs did not dismiss their claims is not consistent with safe harbor provisions of Rule 11.[1]  Attorney Garrity characterizes the threat as an illegitimate tactic to pit counsel against client and trigger a panic induced dismissal.

---

[1] Under Rule 11 of the Federal Rules of Civil Procedure, a party seeking sanctions must first serve, but not file, a motion for sanctions upon the opposing party to give the opposing party time to correct the allege Rule 11 violation.  If, after 21 days, the violation is not corrected or withdrawn, sanctions may be sought from the Court.  Fed. R. Civ. P. 11(c)(2).

Attorney Garrity also notes that, contrary to Defendant's accusation of "knowing facilitation of Plaintiffs' efforts to make false statements under oath in this case" (doc. 27 at 1), he had no prior knowledge of Ms. Sailor's unscrupulous behavior, having joined Plaintiffs' law firm just two months before the dismissal of the <u>Dolgencorp</u> case.  Attorney Garrity also notes that Attorney Mattox, who is the principal of Plaintiffs' law firm, assigned this case to him early on.  She was not actively working on the case and was unaware of the interrogatory responses.   Under the circumstances, Attorney Garrity argues that sanctions against himself and Plaintiffs' law firm are not warranted and that withdrawal should be allowed.  Attorney Garrity further argues that Defendant's attorneys' allegation that he knowingly facilitated false statements by Plaintiffs is totally baseless and may itself warrant sanctions; especially since Defendant also failed to state that the original interrogatory responses were withdrawn and that corrected responses had been served.  Finally, Attorney Garrity contends that the individual Plaintiffs should be given an opportunity to present argument, either pro se or with different counsel, against the dismissal of this case or other sanctions against them.

  **Analysis**

Title 28, United States Code, Section 1927, sets forth the Court's outer reach in sanctioning vexatious conduct.  <u>Amlong & Amlong P.A. v. Denny's Inc.</u>, 500 F.3d 1230, 1239 (11th Cir. 2007).  The standard for imposing sanctions is

bad faith; measured objectively. Id. Under the objective bad faith standard, deliberate wrongdoing on the part of the attorney will warrant sanctions. Id. Deliberate wrongdoing is not required, however. Id. Rather, the attorney's conduct is compared "against the conduct of a 'reasonable' attorney [to determine] whether the conduct was acceptable according to some objective standard." Id.

In this case, there is no basis to conclude that Plaintiffs' attorneys deliberately allowed Plaintiffs to submit false interrogatory responses. When the Dolgencorp case was dismissed, Attorney Garrity only recently joined the firm. The dismissal occurred more than five years ago. Attorney Mattox was involved in the Dolgencorp case, but she was not playing an active role in this case and was unaware of the interrogatory responses. The Court cannot conclude that Plaintiffs' attorneys engaged in deliberate wrongdoing.

Even without deliberate wrongdoing, sanctions can be imposed if Plaintiffs' attorneys' conduct was objectively in bad faith. Under this objective standard, "an attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney." Amlong, 500 F.3d at 1242. "[T]he conduct must be particularly egregious to warrant the imposition of sanctions." Id.

In this case, assuming Attorney Mattox realized that Ms. Sailor was the same plaintiff in the dismissed Dolgencorp case (an assumption that has not

been denied), Plaintiffs' attorneys should have proceeded with great care. At the very least, Plaintiffs' attorneys should have counseled Ms. Sailor on the importance of being truthful, and Ms. Sailor's discovery responses should have been checked for accuracy. Plaintiffs' attorneys' failure to take these precautions falls below the standard of conduct expected from reasonable attorneys.

The conduct, while negligent, is not so egregious as to warrant sanctions, however. In making this determination, the Court notes that the lack of communication between Attorney Mattox and Attorney Garrity (or the failure to realize that Ms. Sailor was the plaintiff in the Dolgencorp case) in large part caused the attorneys' problem in this case. Had Attorney Mattox advised Attorney Garrity of Ms. Sailor's conduct in the Dolgencorp case, he undoubtedly would have taken precautions. Despite the seriousness of the problems that have arisen in this case, the mistake made by Attorney Mattox and Attorney Garrity is not egregious conduct.

Upon learning of the problems with the interrogatory responses, Plaintiffs' attorneys took prompt and appropriate action to correct them and to withdraw from representation, in accordance with the Rules Regulating the Florida Bar, 4-1.6 and 4-1.16(a)(5). Attorneys Garrity and Mattox cannot continue representing Plaintiffs in this case if for no other reason than their adverse positions on the sanctions issue. Rules Regulating the Florida Bar, 4-1.8(b) and 4-1.16(a)(5).

As for the Plaintiffs themselves, they may have a defense against the

CASE NO.: 4:07cv249-SPM/WCS

dismissal of this case and the sanctions proposed against them.  They are entitled to be heard on the matter despite the withdrawal of their attorneys.  Accordingly, Plaintiffs will be given the opportunity to show good cause in writing why this case should not be dismissed and why sanctions should not be imposed against them.

Finally, Plaintiffs' attorneys request sanctions against Defendant's attorney for making a baseless allegation that Plaintiffs' attorneys knowingly facilitated false statements by Plaintiffs and for failing to state that the original interrogatory responses were withdrawn and that corrected responses had been served.  As stated above, the standard for imposing sanctions requires that the conduct at issue be egregious.  Defendant's attorney could have reacted to the false interrogatories with more propriety and reserve, but the reaction is understandable given the circumstances.  No sanctions are warranted.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. The motion to withdraw as counsel for Plaintiffs (doc. 22) is granted.  Attorney Marie A. Mattox, Attorney James Garrity, and the Marie A. Mattox, P.A. law firm are permitted to withdraw.  The clerk shall mail a copy of this order to the Plaintiffs at their last known addresses, which are listed in paragraph 5 of the motion to withdraw (doc. 22).

2. Defendant's motion for leave to file a reply (doc. 31) is granted.

CASE NO.: 4:07cv249-SPM/WCS

The reply has been considered.

3. Defendant's motion to dismiss and for sanctions (doc. 28) is denied to the extent sanctions are sought against Attorney Marie A. Mattox, Attorney James Garrity, and the Marie A. Mattox, P.A. law firm. The motion remains pending as to the request for dismissal and for sanctions against Plaintiffs.

4. Plaintiffs Nathaniel Sailor, Juanita Sailor, and Karisha Murray shall have up to and including April 30, 2008, to file and serve a written showing of good cause why this case should not be dismissed and why sanctions should not be imposed against them.

5. To keep this case on calendar pending a ruling on the dismissal and sanctions, trial is continued to June 16, 2008.

DONE AND ORDERED this 14th day of April, 2008.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge